

**FILED**

JUL 16 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| ROCK CREEK ALLIANCE; CLARK FORK COALITION; CABINET RESOURCE GROUP; MONTANA WILDERNESS ASSOCIATION; EARTHWORKS; and ALLIANCE FOR THE WILD ROCKIES, | CV 05-107-M-DWM<br>CV 08-028-M-DWM<br>(consolidated) |
| Plaintiffs, | ORDER |
| vs. | |
| UNITED STATES FOREST SERVICE; U.S. DEPARTMENT OF AGRICULTURE; TOM TIDWELL, in his official capacity as Regional Forester for the Northern Region; PAUL BRADFORD, in his official capacity as Forest Supervisor of the Kootenai National Forest; and ED SCHAFER, in his official capacity as Secretary of the U.S. Department of Agriculture, | |

|  |  |
|---|---|
| Defendants, | ) |
|  | ) |
| and, | ) |
|  | ) |
| REVETT SILVER COMPANY, | ) |
|  | ) |
| Defendant-Intervenor. | ) |

ROCK CREEK ALLIANCE, CABINET RESOURCE GROUP, SIERRA CLUB, EARTHWORKS, ALLIANCE FOR THE WILD ROCKIES, NATURAL RESOURCES DEFENSE COUNCIL, TROUT UNLIMITED, IDAHO COUNCIL OF TROUT UNLIMITED, PACIFIC RIVERS COUNCIL, and GREAT OLD BROADS FOR WILDERNESS,

    Plaintiffs,

vs.

UNITED STATES FISH & WILDLIFE SERVICE,

    Defendant,

and,

REVETT SILVER COMPANY,

    Defendant-Intervenor.

The Court issued a dispositive Opinion in these consolidated cases on May 4, 2010, and judgment was entered on May 5, 2010. The Plaintiffs prevailed on Counts III (a NEPA claim) and IV (an Organic Act claim) in CV 05-107-M-DWM (the lead case), and the Court remanded the 2003 Record of Decision and the 2001 Final Environmental Impact Statement to the Forest Service for further action consistent with the Court's Opinion. As for the Endangered Species Act claims alleged in the companion case, CV 08-28-M-DWM, Defendant Fish and Wildlife Service and Defendant-Intervenor Revett prevailed on all issues.

Plaintiffs have now filed a motion to sever the claims originally brought in CV 08-28-M-DWM so that final judgment may be entered and those claims may be appealed under Fed. R. Civ. P. 54(b). Severance under Rule 54(b) is called for, Plaintiffs argue, because their ESA claims present distinct issues and affect a different agency from the NEPA and Organic Act claims that have been remanded to the Forest Service. Plaintiffs note that some of their ESA arguments relating to the grizzly bear have cycled through three rounds of litigation in this Court without appellate review, despite this Court's issuance of two dispositive orders on summary judgment.

Where a decision resolves some but not all of the issues in a case featuring multiple claims, Rule 54(b) dictates that the adjudicated claims are not generally

appealable until all of the issues in the case have been resolved in a final judgment.[1] There is an exception: the rule allows a court to sever the adjudicated claims for final judgment if the court makes an express determination that there is no just reason for delay. In deciding whether there is no just reason for delay, the Court must take into account considerations of judicial administration and economy as well as the equities in the case. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980). Severance of claims under Rule 54(b) should not occur routinely, as there is a longstanding federal policy against the piecemeal resolution of cases. Id.

In this instance the Court finds that there is no just reason for delay and severance is proper because of the already prolonged nature of this litigation and the distinction between the NEPA, NFMA and Organic Act claims in the lead case and the ESA claims in the companion case. This litigation began as a challenge to the 2001 Final Environmental Impact Statement and the then-existing 2000 Biological Opinion issued by the Fish and Wildlife Service. The Fish and Wildlife Service withdrew the 2000 Biological Opinion in March of 2002, to settle a legal challenge to the adequacy of the document. The Forest Service responded by

---

[1] Consolidated cases are treated as a single action for purposes of Rule 54(b). Huene v. United States, 743 F.2d 703, 705 (9th Cir. 1984).

withdrawing its 2001 Record of Decision. A new Biological Opinion was issued in 2003, prompting the Forest Service to issue its still-operative 2003 Record of Decision approving the project. Plaintiffs challenged the 2003 Biological Opinion in this Court, resulting in a remand of the 2003 Biological Opinion to the Fish and Wildlife Service.

The Fish and Wildlife Service replaced the remanded 2003 Biological Opinion with its 2006 Biological Opinion. After the Forest Service requested re-initiation of consultation, and in response to new information, the Fish and Wildlife Service issued a Supplement to the 2006 Biological Opinion in 2007, in which it concluded that the re-initiation of formal ESA consultation was not required. The 2006 Biological Opinion and the 2007 Supplement reach a "no jeopardy/no adverse modification" conclusion as to bull trout and a "no jeopardy" conclusion as to grizzly bears. The Court's May 4, 2010 Opinion rejects the Plaintiffs' challenge to the Fish and Wildlife Service's determinations under the ESA, but the ruling is not appealable due to the remand of claims against the Forest Service in the lead case.

There is no just reason why the Plaintiffs' appeal of the Court's ruling on the ESA claims should not proceed. Severance under Rule 54(b) should not delay the ultimate resolution of this case, because there is no reason to expect that the

Forest Service's actions on remand, which should result in no increased risk to the species at issue, will alter the proposed action in a manner that would prompt the Fish and Wildlife Service to withdraw its Biological Opinion. The ESA issues are sufficiently distinct from the other claims in the case that there is little risk that they will be mooted by further developments on remand. Even if there are subsequent appeals, the court of appeals will not be required to revisit the ESA claims after it has resolved them in the first instance. Moreover, in the event that the issues in CV 05-107-M-DWM can be fully resolved on remand, or in a subsequent challenge before this Court, the denial of severance of Rule 54(b) would prejudice the Plaintiffs because it would allow mining operations to begin before the Plaintiffs have an opportunity to present their ESA arguments on appeal. If the Plaintiffs prevail on their appeal of the ESA claims, the Fish and Wildlife Service may be in a position to respond to the appellate decision during the remand period for the claims in the lead case, which would promote the timely resolution of this litigation.

For these reasons, the Court finds no just reason for delay of the Plaintiffs' appeal of the Court's ruling in CV 08-28-M-DWM.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Rule 54(b) motion (Doc. No. 219) is GRANTED, and the claims in CV 08-28-M-DWM are severed

for entry of final judgment under Rule 54(b).

The Clerk of Court is directed to enter final judgment in CV 08-28-M-DWM pursuant to Rule 54(b), Fed. R. Crim. P.

Dated this 15 day of July, 2010.

/s/ Donald W. Molloy 17:07 pm
Donald W. Molloy, District Judge
United States District Court